**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES RUHALLAH HARRISON, | No. 14-15400 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01400-SAB |
| v. | |
| SEDLEZKY, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley A. Boone, Magistrate Judge, Presiding[**]

Submitted January 21, 2015[***]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

James Ruhallah Harrison, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants'

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Harrison consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

use of pepper spray constituted excessive force in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Harrison's claims against defendant Oddie because Harrison failed to allege facts sufficient to show that Oddie acted "maliciously and sadistically for the very purpose of causing harm" by opening Harrison's cell door for defendants Sedlezky and Atkinson to enter. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

However, dismissal of Harrison's claims against defendants Sedlezky and Atkinson was premature at this early stage of the proceedings. Harrison alleged that Sedlezky sprayed an entire can of pepper spray in his face without warning, while Atkinson sprayed his cellmate, after Harrison failed to comply with an order to stop placing paper on the cell windows. Liberally construed, the allegations in

the amended complaint are "sufficient to warrant ordering [Sedlezky and Atkinson] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116, 1123 (9th Cir. 2012). *Cf. Furnace v. Sullivan*, 705 F.3d 1021, 1028-30 (9th Cir. 2013) (reversing summary judgment on an excessive force claim where pepper spray "was employed without significant provocation from [the plaintiff] or warning from the officers"). Accordingly, we reverse and remand for further proceedings as to Harrison's claim against defendants Sedlezky and Atkinson only.

**AFFIRMED in part, REVERSED in part, and REMANDED.**